UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                    ) Chapter 13
                                          )
DAVID S. SAFFRIN and                      ) No. 07 B 08536
JONI R. SAFFRIN,                          )
                                          )
                                          )
                              Debtors.    ) Judge Goldgar

## MEMORANDUM OPINION

This chapter 13 case is before the court for ruling on confirmation of the plan proposed by debtors David and Joni Saffrin. Standing chapter 13 trustee Glenn Stearns objects to confirmation. He argues that the Saffrins are not devoting all of their projected disposable income to the plan because their calculation of disposable income deducts payments for their daughter's college expenses. The Saffrins argue that the deduction is permissible because the expenses are necessary for the health and welfare of the family. For the reasons that follow, the trustee's objection will be sustained, and confirmation will be denied.

### 1. Jurisdiction

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) and the district court's Internal Operating Procedure 15(a). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (L).

### 2. Facts

The following facts are taken principally from the parties' papers and are not in dispute. David and Joni Saffrin are married and live in Vernon Hills, Illinois. Both the Saffrins are employed. They have a daughter who attends the University of Illinois.

In May 2007, the Saffrins filed a chapter 13 bankruptcy. Along with their petition and schedules, the Saffrins filed the required Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, Official Form 22C. The calculation of annualized income on the form put the Saffrins over the median income for a two-member Illinois household. The Saffrins subsequently amended their Form 22C twice. Line 58 of the most recent version, filed on August 17, 2007, listed monthly disposable income under section 1325(b)(2) as $1,262.40. In Part VI of Form 22C, the Saffrins listed on line 59 an additional monthly expense of $1,000 for their daughter's college tuition, books, and housing.

Although the calculation on the amended Form 22C resulted in disposable income of $1,262.40, the Saffrins submitted a plan in which they proposed to devote only $188.40 per month to plan payments. At a recent status hearing, counsel for the Saffrins confirmed that the $188.40 figure was reached by deducting the $1,000 for the daughter's college expenses. Under the plan the Saffrins proposed to pay their unsecured creditors $10,174, or 11% of their total unsecured debt, over the five-year "applicable commitment period." *See* 11 U.S.C. § 1325(b)(4)(A)(ii).

The trustee objected to confirmation of the Saffrins' plan. He contended that the Saffrins were improperly deducting the college expenses from their monthly income, and therefore they were not proposing to pay all of their projected disposable income to unsecured creditors as section 1325(b)(1)(B) requires.

### 3. Discussion

The trustee is correct that the Saffrins cannot deduct their daughter's college expenses in calculating their disposable income. Before the enactment of the Bankruptcy Abuse Prevention

and Consumer Protection Act of 2005 ("BAPCPA"), section 1325(b)(2)(A) defined a debtor's disposable income as income the debtor received that was not reasonably necessary to be expended for the maintenance and support of the debtor or a dependent of the debtor. 11 U.S.C. § 1325(b)(2)(A). Whether an expense was reasonably necessary was a question left to the court's discretion. *In re Alexander*, 344 B.R. 742, 746 (Bankr. E.D.N.C. 2006). Under this discretionary standard, courts were split on whether an independent child's college tuition and expenses were reasonably necessary. *See In re Goins*, 372 B.R. 824, 826 (Bankr. D.S.C. 2007).

BAPCPA resolved this split. Section 1325(b)(3) now requires above-median debtors to calculate their disposable income under subparagraphs (A) and (B) of section 707(b)(2). *See* 11 U.S.C. § 1325(b)(3). Section 707(b)(2)(A) lists certain expenses a debtor may deduct in calculating disposable income. Educational expenses are specifically addressed in section 707(b)(2)(A)(ii)(IV). That section permits a deduction for the "actual expenses for each dependent child less than 18 years of age . . . to attend private or public elementary or secondary school" in his expenses. 11 U.S.C. § 707(b)(2)(A)(ii)(IV). No deduction is mentioned for expenses a child over eighteen incurs or for expenses beyond elementary or secondary school. College expenses therefore may not be deducted. *Goins*, 372 B.R. at 826-27 (citing the doctrine of statutory interpretation *expressio unius est exclusio alterius* to reach this conclusion).

The Saffrins, though, do not argue that section 707(b)(2)(A)(ii)(IV) permits the deduction of their daughter's college expenses. They contend that the expenses are deductible as "Other Necessary Expenses" under section 707(b)(2)(A)(ii)(I) because they are expenses incurred "for the health and welfare of the [taxpayer] or [his] family or for the production of income."[1]

---

[1] This phrase does not appear in section 707(b)(2)(A)(ii)(I). The Saffrins and the trustee take the phrase from an Internal Revenue Service web page for small businesses. They

-3-

The Saffrins misread section 707(b)(2)(A)(ii)(I). That section authorizes a deduction of "the debtor's actual monthly expenses *for the categories specified* as Other Necessary Expenses issued by the Internal Revenue Service." 11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added). Although the relevant portion of the Internal Revenue Manual contains the general test the Saffrins cite, it also separately lists specific categories of "other expenses" and describes when those expenses will be considered "necessary." *See* Internal Revenue Manual § 5.15.1.10 at ¶ 3. Section 707(b)(2)(A)(ii)(I) therefore permits a deduction for "Other Necessary Expenses" only if those expenses are listed in the "categories specified" in the Internal Revenue Manual. 11 U.S.C. § 707(b)(2)(A)(ii)(I); *see* Fed. R. Bankr. P. Form 22C committee note (2005); *see also* 6 Keith M. Lundin, *Chapter 13 Bankruptcy* § 477.1 at 477-2 (3rd ed. 2000 and Supp. 2006); Eugene R. Wedoff, *supra,* at 252-53, 261-63. The test on which the Saffrins rely is irrelevant.

The categories of "other expenses" in the Internal Revenue Manual do not include expenses associated with a child's college education. Certainly, one of the "categories specified" is "education." *See* Internal Revenue Manual § 5.15.1.10 at ¶ 3. But educational expenses are deemed "necessary" only if the education producing the expenses "is required for a physically or mentally challenged child and no public education providing similar services is available," or if it is "for the taxpayer and . . . [is] required as [a] condition of employment." *Id.*; Lundin, *supra,* §

---

should have taken it from the Internal Revenue Manual, which applies here. Section 707(b)(2)(A)(ii)(I) defines a debtor's monthly expenses as the "applicable monthly expense amounts" specified in various standards "issued by the Internal Revenue Service." 11 U.S.C. § 707(b)(2)(A)(ii)(I). The standards mentioned in the statute are found in the Financial Analysis Handbook that is part of the Internal Revenue Manual. *See* Eugene R. Wedoff, *Means Testing in the New § 707(b)*, 79 Am. Bankr. L.J. 231, 252-53 (2005). The Internal Revenue Manual contains a phrase nearly identical to the phrase the Saffrins and the trustee quote. *See* Internal Revenue Manual § 5.15.1.10 at ¶ 1 (defining "necessary expenses" as expenses incurred "for the health and welfare of the taxpayer and/or his family or . . . for the production of income").

-4-

477.1 at 477-8. As far as the record shows, the expenses the Saffrins are incurring to send their daughter to the University of Illinois are not expenses related to the education of a physically or mentally challenged child, nor are they expenses for education required as a condition of employment. Line 34 of Form 22C in fact specifically allows a debtor to deduct an amount for "Other Necessary Expenses: education for employment or for a physically or mentally challenged child." On line 34, the Saffrins correctly entered "$0.00."

Because the Saffrins' college expenses for their daughter are neither educational expenses under section 707(b)(2)(A)(ii)(IV) nor "Other Necessary Expenses" under section 707(b)(2)(A)(ii)(I), the Saffrins were not entitled to deduct those expenses in calculating their disposable income on Form 22C.[2/] The trustee is therefore correct that the Saffrins are not

---

[2/] Both the Saffrins and the trustee evidently believed that Part VI of Form 22C provides a place where a debtor can claim additional deductions for "Other Necessary Expenses" beyond those listed in the "categories specified." The contrary conclusion reached in this opinion raises a fair question: what purpose *does* Part VI of Form 22C serve if only those expenses in the "categories specified" in the Internal Revenue Manual can be deducted and the general test for when "other expenses" are "necessary" is irrelevant? The answer appears in the 2005 committee note to Form 22C:

> The forms do not provide for means test deductions from CMI [current monthly income] for expenses in categories that are not specifically identified as 'Other Necessary Expenses' in the Internal Revenue Manual. However, debtors may wish to claim expenses that do not fall within the categories listed as 'Other Necessary Expenses' in the forms. Part VII of the Chapter 7 form and Part VI of the Chapter 13 form provide for such expenses to be identified and totaled. Although expenses listed in these sections are not deducted from CMI for purposes of the means test calculation, the listing provides a basis for debtors to assert that these expenses should be deducted from CMI under § 707(b)(2)(A)(ii)(I), and that the results of the forms' calculation, therefore, should be modified.

Fed. R. Bankr. P. Form 22C committee note (2005). In other words, the calculation in Form 22C does not permit deductions for "Other Necessary Expenses" beyond those in the "categories specified." The form thus reflects a particular interpretation of section 707(b)(2)(A)(ii)(I). If a debtor wants to challenge that interpretation, however, Form 22C allows him to do so by listing

-5-

devoting all of their projected disposable income to pay unsecured creditors, as section 1325(b)(1)(B) requires. Confirmation of the plan must be denied.

### 4. Conclusion

The trustee's objection is sustained. Confirmation of the plan of debtors David and Joni Saffrin is denied.

Dated: December 21, 2007

                                                          A. Benjamin Goldgar
                                                          United States Bankruptcy Judge

---

in Part VI the expenses he contends should nonetheless be deducted as "Other Necessary Expenses." Here, the Saffrins did just that: by listing their daughter's college expenses in Part VI, they advanced a broader view of section 707(b)(2)(A)(ii)(I) than the view the committee took in drafting Form 22C. This opinion rejects the Saffrins' view, concluding that college expenses are not deductible as "Other Necessary Expenses" and that the interpretation of section 707(b)(2)(A)(ii)(I) implicit in Form 22C is correct.